953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joan CHUBBUCK, aka Joan McWilliams, Plaintiff-Appellant,
v.
INDUSTRIAL INDEMNITY, a California corporation, Defendant-Appellee.
 No. 91-35091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1991.*
Decided Jan. 28, 1992.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal presents the question whether, under Montana law, a plaintiff may maintain a third-party bad faith suit against an insurer premised upon actions of the insurer taken after judgment was rendered in favor of the plaintiff in the trial court.
 
 FACTS
 
 3
 The facts in the underlying case appear in McWilliams v. Clem, 743 P.2d 577 (Mont.1987). Industrial Indemnity represented a notary public who was found liable for negligently acknowledging plaintiff Joan Chubbuck's (McWilliams') signature upon a real estate deed. Chubbuck maintains that Industrial Indemnity acted in bad faith in conducting settlement negotiations before trial, after judgment, and after the Montana Supreme Court affirmed Chubbuck's award.
 
 
 4
 Following the favorable judgment on appeal, Chubbuck instituted a third-party bad faith action against Industrial Indemnity pursuant to the Montana Unfair Trade Practices Act, Montana Code Ann. § 33-18-201 et seq. The district court granted summary judgment for Industrial Indemnity, holding that a bad faith action under section 33-18-201(6) cannot be premised upon post-judgment conduct of an insurer. We affirm.
 
 DISCUSSION
 
 5
 We review a grant of summary judgment de novo. Ting v. United States, 927 F.2d 1504, 1509 (9th Cir.1991).
 
 
 6
 Chubbuck brought her bad faith claim under MCA § 33-18-201(6). This statute provides that an insurance company may not "neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear." Chubbuck alleged in her complaint, and she argues before this court, that Industrial Indemnity's conduct both before and after judgment violated MCA § 33-18-201.
 
 
 7
 The district court found in its order granting summary judgment that Chubbuck's counsel conceded her claim was premised only upon Industrial Indemnity's post-judgment conduct. Supp. ER 155. This finding apparently is based upon Chubbuck's counsel's statement in his argument before the district court that "[t]he most outrageous actions all happened after judgment. That's the guts of my case." Transcript of Proceedings, August 24, 1989, p. 53.
 
 
 8
 On appeal, Chubbuck does not address this concession in either of her briefs, despite Industrial Indemnity's argument in its brief that because she conceded the point in the district court she cannot raise on appeal issues foreclosed by her concession. Appellee's Brief at 15. By failing to respond to this argument, we conclude Chubbuck has indeed conceded the point. See Greenawalt v. Ricketts, 943 F.2d 1020, ---- (9th Cir.1991). Accordingly, we consider only Chubbuck's arguments pertaining to Industrial Indemnity's post-judgment conduct.
 
 
 9
 Chubbuck argues that the Montana Supreme Court in State ex rel Fitzgerald v. District Court, 703 P.2d 148 (Mont.1985) decided that liability may be premised on post-judgment conduct. The Fitzgerald court did not consider liability under section 33-18-201 or any other section of the Unfair Trade Practices Act. Id. at 157 (complaint did not allege violation of the act). Thus, the court had no occasion to rule upon whether the specific language of section 33-18-201 allowed a third party to bring suit for post-judgment conduct.
 
 
 10
 Any language in Fitzgerald suggesting a common law right to bring a bad faith suit for post-judgment conduct is mere dicta. The court noted that the plaintiff's complaint "alleged that [the insurer] acted ... in bad faith in offering ridiculously low settlements before and after the judgment ..." Id. at 151-52. Moreover, the court, in discussing an evidentiary ruling, noted that the plaintiff's claim against the insurer "is two-faceted, depending upon whether her case is viewed before or after the judgment was obtained by her against [the insured]." The court made this observation in holding that once judgment was entered in the plaintiff's favor, she had the right to sue the insurer directly, without an assignment of rights. The Fitzgerald court simply did not discuss the effect of post-judgment conduct of an insurer on a third party's bad faith action.
 
 
 11
 Chubbuck also argues that the plain language of MCA § 33-18-201(6) includes post-judgment conduct. Chubbuck is correct that the word "claim" is susceptible to the interpretation that it includes causes of action that have been reduced to judgment. Accord Kyriss v. Aetna Life & Casualty Co., 624 F.Supp. 1130, 1133 (D.Mont.1986).
 
 
 12
 Kyriss, however, was decided before the Montana legislature amended the Unfair Trade Practices Act in 1987 to include MCA § 33-18-242. The amended statute provides that "[a] third party claimant may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim. " MCA § 33-18-242(6)(b) (emphasis added). Chubbuck's proffered interpretation, that the word "claim" includes causes of action reduced to judgment, is inconsistent with section 33-18-242(6)(b). It is unlikely the Montana legislature intended the word "claim" to mean different things in each section of the Unfair Trade Practices Act, as amended.
 
 
 13
 We need not decide whether the word "claim" as used in MCA § 33-18-242(6)(b) includes causes of action reduced to judgment. The words "reasonably clear" in the same section by their plain language cannot include claims that have been reduced to judgment. As the district court noted, "[o]nce a judgment is entered, liability on a particular claim is more than 'reasonably clear', it is fixed." Both the majority and the dissent in a California case construing virtually identical language agreed that the term "reasonably clear" has no meaning in the context of post-judgment claims. Compare Coleman v. Gulf Ins. Co. 718 P.2d 77, 85 (Cal.1986) (the language "reasonably clear" "affords no meaningful guidance once judgment is entered") with id. at 88 (dissenting opinion) ("the standard of 'reasonably clear' liability is nonsensical when applied to an appeal ... [i]t is unlikely that the Legislature" intended to subject insurers to the risk of suit every time they exercised their right of appeal).
 
 
 14
 We conclude the Montana Supreme Court would hold, as did the district court, that a bad faith action against an insurer cannot be premised on post-judgment conduct.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3